**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2269**

DAWIN JOEL MORENO MORENO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: May 23, 2019                                    Decided: June 11, 2019

Before GREGORY, Chief Judge, and KING and FLOYD, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Sarah-Frances Warner, THE LAW OFFICES OF PAUL A. SUHR, PLLC, Raleigh, North Carolina, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Carl McIntyre, Assistant Director, Brooke M. Maurer, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dawin Joel Moreno Moreno, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny in part and dismiss in part the petition for review.

We conclude that substantial evidence supports the agency's finding that Moreno failed to establish a nexus between his past persecution or fear of future persecution and a protected ground. *See* 8 U.S.C. § 1101(a)(42)(A) (2012); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (stating standard of review). Our review of the facts fails to show that any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2012). Accordingly, we will not disturb the denial of asylum or withholding of removal.

We note that Moreno does not contest the Board's finding that he did not meaningfully challenge the denial of protection under the CAT in his brief to the Board. Because Moreno did not exhaust this issue before the Board, we lack jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1) (2012); *Ramirez v. Sessions*, 887 F.3d 693, 700 (4th Cir. 2018) (noting that court lacks jurisdiction to review "bases for relief" not raised before the Board). Accordingly, we dismiss in part the petition for review.

Finally, Moreno fails to establish that he was prejudiced due to the manner in which the IJ conducted the merits hearing. *Anim v. Mukasey*, 535 F.3d 243, 256 (4th Cir. 2008).

Accordingly, we deny in part and dismiss in part the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED IN PART AND DISMISSED IN PART